UNITED STATES OF AMERICA     )
                                 )
       v.                     )           1:16-cr-00130-JAW-1
                                 )
JAMIE AKERSON             )

**ORDER ON MOTION TO CONTINUE**

On September 14, 2016, a federal grand jury indicted Jamie Akerson for engaging in a conspiracy to distribute and possess with the intent to distribute heroin, a violation of 21 U.S.C. § 841(a)(1). *Indictment* (ECF No. 3). Mr. Akerson was arrested on September 14, 2016 and detained from then to October 25, 2016. *Order of Temporary Detention* (ECF No. 31); *Order of Detention Pending Trial* (ECF No. 33); *Order Setting Conditions of Release* (ECF No. 41). On April 14, 2017, Mr. Akerson pleaded guilty to the charge and was detained. *Minute Entry* (ECF No. 87). The Court held a presentence conference on August 16, 2017 and set the sentencing hearing for November 9, 2017. *Minute Entry* (ECF No. 108); *Notice of Hr'g* (ECF No. 109).

On October 11, 2017, Mr. Akerson moved to continue the November 9, 2017 sentencing hearing because Mr. Akerson has been working on his high school equivalency during the past "several months" at the Piscataquis County Jail. *Def.'s Unopposed Mot. to Cont. Sentencing* at 1 (ECF No. 112). Mr. Ackerson says that he passed one test, is awaiting his score on a second, and will be taking his third in the

near future. *Id.* He says that he hopes to earn his diploma by mid-January 2018. *Id.* He seeks to have the sentencing hearing rescheduled after mid-January 2018. *Id.*

In support of his motion, Mr. Akerson relies on Nathan Knight of the Piscataquis Valley Adult Education Cooperative, who informed counsel that "the battery of tests being used at the Jail is accepted in only 21 states" and therefore, if he is sentenced and designated to a facility where he cannot get credit, he "would have to start over." *Id.* Mr. Akerson states that Assistant United States Attorney Casey does not object to the continuance. *Id.*

The Court's experience with motions to continue due to educational programs has not been edifying. In *United States v. Post*, 1:13-cr-00045-JAW, the Court issued an order denying a motion to continue based on serial motions to continue for an inmate awaiting the imposition of a federal sentence. *Order Denying Mot. to Cont. Sentencing Hr'g* (ECF No. 91) (*Order*). In that order, the Court describes its difficulty in the cases of *United States v. Richard Brandon Midgette*, No. 1:13-cr-00144-JAW and *United States v. Matthew Kent Midgette*, No. 1:13-cr-145-JAW scheduling their sentencing hearings. A sentencing hearing that the Court originally set for February 3, 2016 was continued multiple times because Nathan Knight of the Piscataquis Valley Adult Education Cooperative continued to propose educational classes the Midgette brothers needed to complete. The sentencing hearing was not held until November 3, 2016. *Order* at 3-4.

Then, in the Anthony Post case, the Court was subjected to a number of motions to continue the sentencing hearing on a supervised release revocation based

2

on an educational program Mr. Knight devised. Mr. Post was originally scheduled to be sentenced on June 13, 2016, but he filed a series of motions to continue the scheduled sentencing hearings, the last one seeking a further delay until after November 21, 2016 because Mr. Knight concluded that Mr. Post needed additional time at the Piscataquis County Jail to complete his educational program. *Id.* at 4. The Court denied the motion and sentenced Mr. Post on September 6, 2016.

For the reasons described in its August 30, 2016 Order in the Post case, the Court is wary of continuing Mr. Akerson's sentencing hearing while he completes his educational program at the Piscataquis County Jail. Like Mr. Post and the Midgette brothers, Mr. Akerson has been convicted of a serious federal drug offense. A defendant's need for education is but one factor under 18 U.S.C. § 3553(a) that a sentencing court must consider in imposing sentence. Generally, persons who commit federal crimes should expect to serve their sentences in federal prison. Next, Piscataquis County Jail is not alone in offering inmates educational opportunities and the Bureau of Prisons has a highly developed and successful educational program. Also, federal prisons offer sophisticated drug treatment programs, which may be just as, if not more, important in the long run for Mr. Akerson than a high school equivalency diploma. Finally, to have a salutary impact, the sentence for a federal crime should be imposed as close as possible to the violation itself.

In view of the beneficent intentions underlying the motion and the absence of objection on the part of the Government, the Court will reluctantly grant Mr. Akerson's motion to continue and will order the sentencing hearing reset after mid-

January 2018. However, Mr. Akerson and the Government are on notice that if he files another motion to continue on a similar basis to continue the January hearing, the Court will require a much stronger showing as to why his federal sentencing hearing should be further delayed.

The Court GRANTS Defendant's Unopposed Motion to Continue Sentencing (ECF No. 112) and ORDERS the Clerk's Office to reset the sentencing hearing after mid-January 2018.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 12th day of October, 2017